[Cite as *Scarberry v. Scarberry*, 2011-Ohio-2829.]

IN THE COURT OF APPEALS OF CLARK COUNTY, OHIO

                                    :

JULIE SCARBERRY
      Plaintiff-Appellant          :      C.A. CASE NO. 10-CA-0091

vs.                                :      T.C. CASE NO. 02-DR-0740

                                   :      (Civil Appeal from
KEVIN SCARBERRY                           Common Pleas Court)
      Defendant-Appellee           :

            . . . . . . . . .

              O P I N I O N

      Rendered on the 10th day of June, 2011.

            . . . . . . . . .

Joseph M. Juergens, Atty. Reg. No. 0024912, 39 N. Fountain Avenue,
Springfield, OH 45502
      Attorney for Plaintiff-Appellant

Linda Joanne Cushman, Atty. Reg. No. 0043543, 150 N. Limestone
Street, Suite 206, Springfield, OH 45501
      Attorney for Defendant-Appellee

            . . . . . . . . .

GRADY, P.J.:

      {¶ 1}  This is an appeal from a final order modifying an order
entered in a divorce action allocating parental rights and
responsibilities.

      {¶ 2}  The marriage of Julie Scarberry Robinson and Kevin
Scarberry was terminated by a decree of divorce on January 9, 2003.

Julie[1] was designated the residential parent and legal custodian of the parties' two minor children. Kevin was awarded rights of visitation.

{¶ 3} On March 10, 2010, Kevin filed a motion to modify the prior custody order, asking that he be designated the residential parent and legal custodian of the two children. After hearings held over the course of four days, the court granted Kevin's motion on August 31, 2010, also awarding Julie rights of visitation. (Dkt. 81.) Julie filed a timely notice of appeal from that order.

FIRST ASSIGNMENT OF ERROR

{¶ 4} "THE COURT'S RELIANCE ON THE CHANGE OF CIRCUMSTANCES SUGGESTED BY DEFENDANT TO MODIFY THE CUSTODIAL RESPONSIBILITIES IN THIS MOTION WERE INSUFFICIENT, AS THEY DID NOT HAVE A CONTINUING AND MATERIAL ADVERSE EFFECT ON THE CHILDREN, AND THEREFORE WAS AN ABUSE OF THE COURT'S DISCRETION."

{¶ 5} Once parental rights and responsibilities are allocated, the focus is on stability for the child. *Whaley v. Whaley* (1978), 61 Ohio App.2d 111. To that end, R.C. 3109.04(E)(1)(a) provides:

{¶ 6} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior

---

[1] For clarity and convenience, the parties are identified by their first names.

decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

{¶ 7} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

{¶ 8} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

{¶ 9} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

{¶ 10} The prior decree to which R.C. 3109.04(E)(1)(a) refers is the decree which last designated one of the parents the residential parent and legal custodian of the parties' minor child or children. *Bell v. Bell*, Clark App. No. 94DR0986,

2007-Ohio-6347, ¶33.  The prior decree in the present case is the January 9, 2003 decree of divorce.

{¶ 11} Any change of circumstances must be based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree.  *Bragg v. Hatfield*, 152 Ohio App.3d 174, 2003-Ohio-1441.  R.C. 3109.04(E)(1)(a) only requires a finding of a change of circumstances, not a "substantial" change.  *Davis v. Flickinger*, 77 Ohio St.3d 415, 1997-Ohio-260.  Nevertheless, "to warrant a change of custody, . . .  The change must be a change of substance, not a slight or inconsequential change."  *Id.*, at 418.

{¶ 12} The domestic relations court found that since Julie was designated the residential parent and legal custodian of the two children in the decree of divorce, the children have experienced educational difficulties and suffered from neglect of their health and dental care needs.  The court attributed these problems to Julie's inattention arising from her lack of concern and/or her own health problems and the medications she is prescribed for those problems.  The court further found that the two children had faired better in those respects when they were in Kevin's care, pursuant to temporary orders of the court entered since the decree of divorce.

{¶ 13} A mere passage of time does not constitute a change of

circumstances for purposes of R.C. 3109.04(E)(1)(a). However, circumstances of the child or the child's residential parent are not excluded from consideration merely because they were manifested over the period of time since the prior decree allocating parental rights and responsibilities.

{¶ 14} The changes in circumstances which the domestic relations court found are supported by the record, and their existence is not disputed by Julie. Rather, she disputes their significance or materiality in relation to the best interest of the two children. We do not agree.

{¶ 15} The educational and health difficulties the children have experienced since the prior decree detract from their positive growth and development, and constitute a change of substance. *Davis*. The domestic relations court did not abuse its discretion when it found a change in the circumstances of the two children sufficient to satisfy R.C. 3109.04(E)(1)(a).

{¶ 16} The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 17} "THE COURT'S DECISION AND ORDER WAS AN ABUSE OF DISCRETION AS THE EVIDENCE DID NOT SUBSTANTIATE THE FINAL ORDER OF THE COURT TO MODIFY THE RESIDENTIAL PARENT, AND WAS NOT IN THE BEST INTEREST OF THE CHILDREN."

{¶ 18} In order to rebut the presumption in favor of retaining

the prior custodial and residential parent, and in addition to the required finding of a change of circumstances, R.C. 3109.04(E)(1)(a) requires a finding by the court that modification is necessary to serve the best interest of the child or children. In making that determination, the court must consider all of the relevant factors in R.C. 3109.04(F)(1) governing an original allocation of parental rights and responsibilities.

{¶ 19} R.C. 3109.04(F)(1)(h) requires consideration of whether either parent has been convicted of or pleaded guilty to domestic violence or another criminal offense involving any act that resulted in the child being an abused or neglected child, "and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or neglected child."

{¶ 20} Julie complains that the court ignored the testimony of two of her witnesses, who implicated Kevin and his current wife in the sale of illegal drugs, and in the use of illegal drugs and alcohol in ways that impaired their ability to care for the two children. If believed, that evidence could support a finding that, when they are in Kevin's care, the children have been "neglected," in that they lack adequate parental care because of the faults or habits of Kevin and his wife. R.C. 2151.03(A)(2).

{¶ 21} Julie also complains that the guardian ad litem the court

appointed ignored that same information in making his report, though he was made aware of it.

{¶ 22} Julie further complains that Kevin's older step-son had attacked or attempted to attack one of her two children, and that the court failed to consider that evidence.  Such a matter would relate to the child's interaction with a sibling, which the court must also consider.  R.C. 3109.04(F)(1)(c).

{¶ 23} Julie is correct that the domestic relations court did not speak directly to these matters.  However, the court did make the following finding:

{¶ 24} "The Court has not been provided with sufficient evidence to suggest that either of the parties have been convicted of an act of domestic violence or abuse or neglect of a child or nor have either of the children been adjudicated to be an abused or neglected child; nor have either of the parties been convicted of an act involving a sexually oriented offense, nor has the Court had reason to believe that either of the parties have acted in a manner resulting in a child being an abused or neglected child, except as otherwise set forth herein."   (Dkt. 81, unnumbered page.)

{¶ 25} The court further found that, "from the totality of the credible evidence, that both of the children have a far greater opportunity to develop healthy relationships with friends, relatives and others while residing with their father, all of which

will assist them in their future development." (Id. at unnumbered page.)

{¶ 26} The court's findings demonstrate that the court rejected the evidence of Julie's several witnesses alleging bad conduct on the part of Kevin, his wife, and his step-son, for lack of credibility. The credibility of witnesses is primarily a matter for the trial court to decide. *State v. DeHass* (1967), 10 Ohio St.2d 230. We see no basis to find an abuse of discretion.

{¶ 27} Finally, the court credited and adopted the recommendation of the guardian ad litem that Kevin be designated the residential and custodial parent of the two children. Whether the guardian ad litem's recommendation and report was flawed or incomplete is a matter to be resolved by the trial court. The court apparently resolved that question against the claims of Julie's witnesses.

{¶ 28} The second assignment of error is overruled.

THIRD ASSIGNMENT OF ERROR

{¶ 29} "THE DECISION OF THE COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND DOES NOT SUPPORT THE COURT'S DECISION TO MODIFY THE RESIDENTIAL PARENT OF THE PARTIES' MINOR CHILDREN."

{¶ 30} Having made the change of circumstances and best interest findings that R.C. 3109.04(E)(1)(a) requires, the court further found, pursuant to paragraph (iii) of that section, that "the harm

likely to be caused by a change of environment is outweighed by the advantages of the change of the environment to the child."

{¶ 31} Julie argues that the trial court's decision is against the manifest weight of the evidence because the testimony of her witnesses that Kevin and his wife were involved in the sale of illegal drugs and the abuse of drugs and alcohol was credible evidence. That evidence, if believed, would weigh against the finding the court made.

{¶ 32} A judgment is not subject to reversal on the manifest weight of the evidence standard because there is some evidence that weighs against it. Reversal is mandated when there is no competent, credible evidence that supports the court's judgment. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279.

{¶ 33} The domestic relations court rejected the testimony of Julie's witnesses for lack of credibility, which the court was entitled to do. We have declined to disturb that finding. Therefore, we cannot find that the court abused its discretion in finding that, on the weight of the evidence credited by the court, the harm likely to be caused by a change in the child's environment resulting from a modification of the prior decree is outweighed by the advantages of the change in environment to the child. R.C. 3109.04(E)(1)(a)(iii).

{¶ 34} The third assignment of error is overruled.  The judgment of the domestic relations court will be affirmed.

FAIN, J. and FROELICH, J. concur.

Copies mailed to:

Joseph M. Juergens, Esq.
Linda Joanne Cushman, Esq.
Hon. Thomas J. Capper